# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH P. MYERS,**

    Plaintiff,

    v.

**MICHAEL J. ASTRUE**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

    Defendant.

**CIVIL ACTION NO. 2:10-CV-69**
**(Judge Bailey)**

## ORDER

On December 30, 2010, Magistrate Judge James E. Seibert filed his Report and Recommendation (R&R) (Doc. 15) in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed his objections (Doc. 16) on January 13, 2011. This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Seibert in his R&R. This Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the proposed R&R accurately reflects the law applicable to this case.

Upon consideration of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his R&R. In his first and third objections, plaintiff argues that the Administrative Law Judge (ALJ) erred by finding that the plaintiff's sleep apnea had been and could be

successfully treated, and that the ALJ erred by finding that plaintiff had not followed prescribed medical treatment without following the required legal analysis of this issue. As more fully set forth in the R&R, this Court finds, in agreement with the Magistrate Judge, that the ALJ's decision did not turn on plaintiff's alleged errors in this regard. In determining plaintiff's residual functional capacity, the ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." T.R. 16.

Once such a finding is made, the next step is an evaluation of the intensity, persistence and limiting effects of the claimant's symptoms, considered along with the objective medical and other evidence, to determine the extent to which they limit the plaintiff's ability to do basic work activities. See SSR 96-3p. After a thorough summary of the medical records, the ALJ found that the plaintiff had exaggerated the nature and extent of his impairments and that his complaints of disabling functional limitations were not fully credible (T.R. 19), resulting in the finding of a residual functional capacity to perform light work with the following limitations: sit/stand option; cannot climb ladders, ropes, or scaffolds; must avoid hazards, such as dangerous, moving machinery and unprotected heights; and must avoid exposure to temperature extremes. T.R. 15. This Court finds that the ALJ's findings in this respect did not turn on a conclusion that the plaintiff's condition had been and could be successfully treated, or on a conclusion that he had not followed prescribed medical treatment. Further, such findings by an ALJ are entitled to great deference. Accordingly, plaintiff's first and third objections are overruled.

In his second objection, plaintiff argues that the ALJ erred in failing to consider relevant pulmonary function testing results. This Court disagrees. 20 C.F.R. § 404.1509

provides that, "[u]less your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." In the instant matter, the ALJ found that plaintiff's onset date of March 2009 for his alleged pulmonary problems, combined with his recent prescribed treatment for sleep apnea, failed to establish, at that time, any certain12-month period of combined impairments that would preclude the plaintiff's performance of light work, as detailed in the ALJ's residual functional capacity findings. T.R. 18. This Court cannot find that this is not supported by substantial evidence. Plaintiff's second objection is therefore overruled.

Finally, in his fourth objection, the plaintiff argues that the ALJ erred by failing to include his daytime sleepiness, caused by his sleep apnea, in the residual functional capacity finding. As noted by the Magistrate Judge in his R&R, the ALJ found that the plaintiff "failed to establish a basis for his complaints of periods of sleep during the day . . .." T.R. 19. A claimant's residual functional capacity is based, in part, on the claimant's credibility. Here, as earlier mentioned, the ALJ found the plaintiff/claimant to not be fully credible, and such finding is entitled to great deference. Further, this Court finds that the ALJ assessed the plaintiff's medical records and formulated the residual functional capacity based on all the evidence in the record. Again, this Court cannot find a lack of substantial evidence in doing so. Plaintiff's fourth objection is overruled.

Accordingly, as more fully set forth in the Magistrate Judge's R&R, this Court finds that the Commissioner's decision that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's R&R be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 11) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 10) shall be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the decision for the defendant is **AFFIRMED**, and that his civil action is **DISMISSED** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: March 10, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE